**HLD-002**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2702
_____

IN RE:  JOSEPH ARUANNO,
                                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-14-cv-04796)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 29, 2020

Before: SMITH, Chief Judge, CHAGARES and SHWARTZ, Circuit Judges
_____

(Opinion filed: December 11, 2020)
_____

OPINION*
_____

PER CURIAM

Petitioner Joseph Aruanno seeks a writ of mandamus in connection with an

alleged delay in the adjudication of his civil rights action filed pursuant to 42 U.S.C.

§ 1983 in the United States District Court for the District of New Jersey.  For the reasons

that follow, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). To justify the use of this extraordinary remedy, Aruanno must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He cannot make this requisite showing.

In 2014, Aruanno, a civilly committed sexually violent predator housed at the Special Treatment Unit (STU) in Avenal New Jersey, filed a complaint against Marcyves Maurice, a correctional officer at the STU, alleging unlawful use of excessive force. The District Court granted Maurice's motion for summary judgment, and Aruanno appealed. We determined that the summary judgment was improperly granted. In an order entered October 30, 2019, we vacated the District Court's judgment and remanded the matter for further proceedings consistent with the opinion. See Aruanno v. Maurice, 790 F. App'x 431 (3d Cir. 2019). Since then, the matter has stalled in the District Court.

On August 19, 2020, Aruanno filed a petition for a writ of mandamus with this Court alleging undue delay in the matter. An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Subsequent to the filing of the mandamus petition, the District Court

entered an order on November 5, 2020, directing that the matter be "reopened." Because it appears that the action is now moving forward, we find no reason to grant the "drastic remedy" of mandamus relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). We have full confidence that the District Court will ensure that the matter will proceed without further delay. Accordingly, we will deny the mandamus petition.[1]

---

[1] To the extent that Aruanno requests an order directing the District Court to appoint counsel, mandamus relief is not warranted because Aruanno may renew his motion for appointment of counsel in the District Court or challenge the District Court's prior rulings denying his request for counsel after entry of final judgment. See Haines, 975 F.2d at 89; see also Madden, 102 F.3d at 77 (explaining that mandamus is not a substitute for an appeal, and that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal").

3